**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:**

**ALISSA GILMAN,**

    **Plaintiff,**

**v.**

**AMERICAN AIRLINES, INC.,**

    **Defendant.**

_____/

**COMPLAINT**

Plaintiff, ALISSA GILMAN ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant, AMERICAN AIRLINES, INC. ("Defendant"), and in support states as follows:

**JURISDICTION AND VENUE**

1. This action seeks damages in excess of $75,000.00, independent of attorney's fees, costs, and interest, as a result of Defendant's sexual harassment of Plaintiff's employment in violation of Title VII.

2. Defendant is a Florida Profit Corporation with its principal place of business Palm Beach County Florida.

3. Defendant operates a construction company.

4. Plaintiff was at all relevant times a resident of Palm Beach County, Florida.

5. Plaintiff was at all relevant times an employee of Defendant.

6. At all relevant times, Defendant was Plaintiff's employer and employed no less than 15 or more employees for each of 20 or more work weeks in the current or preceding year.

7. Defendants is accordingly an "employer" as defined by Title VII.

8. Plaintiff alleges causes of action for sexual harassment under Title VII, as a result of the sexual harassment and national origin based discrimination he experienced by Defendant.

9. The violations complained of herein occurred in Palm Beach County, Florida.

10. As more fully set forth below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in March 21, 2023, claiming discrimination and hostile work environment based on sexual harrasment.

11. Plaintiff's Charge of Discrimination was dual filed with the Florida Commission on Human Relations ("FCHR"), the state equivalent of the EEOC.

12. On December 4, 2023 a notice of right to sue was received by Plaintiff in which no determination was made.

13. Plaintiff has accordingly exhausted her administrative remedies prior to initiating the instant suit.

## FACTUAL ALLEGATIONS

14. Plaintiff started being sexually harassed at the company in September of 2022.

15. Regent (LNU), a wheelchair agent at the airport, watched a video of her dancing on a game show she was on.

16. He immediately approached Plaintiff and told her that "he did not think I could move like that."

17. After that, on many occasions, every time Plaintiff encountered him, he would make comments of a sexual nature.

18. Remarks like "the things I would do to that butt" or "just let me have it".

19. He would always lick his lips or bite them when he made eye contact with her.

20. Plaintiff had to endure this situation for several months.

21. Plaintiff was shocked and so scared.

22. On January 13, 2023, Plaintiff was working on Flight 2892 with Michael Worrell.

23. The plane was coming early, and Mr. Worrell got caught with his first flight.

24. So, Plaintiff went to the plane.

25. When she went to badge in at jetway B9, Regent (LNU) pushed her into the jetway.

26. Not only did he piggybacked me, but once inside the jetway, he hit my buttocks, forced me against the wall, and groped my breast.

27. Plaintiff forced him off of her and told him to stop.

28. She was extremely nervous and thought something bad would happen to her.

29. Plaintiff told Mr. Morrell everything that happened.

30. After this incident, she went on a preplanned already approved vacation with her and her family which she was unable to enjoy.

31. On January 27, 2023, she came back from her time off and encountered him, and once more he made comments of a sexual nature to her and licked his lips.

32. On that same day, Plaintiff reported the incidents to Judy Franklin.

33. Later, Plaintiff learned that he was suspended on that day.

34. On January 28, 2023, Plaintiff was approached by other employees, who told her that Regent (LNU) had been harassing them too.

35. They said that they even filed a written statement a while back reporting the harassment, but nothing was done.

36. On February 9, 2023, Plaintiff received a call that the investigation was over and Regent (LNU) was back at work.

37. On February 11, 2023, Plaintiff filed a police report.

38. After that, Plaintiff was told that Regent (LNU) had been terminated.

39. However, on February 10, 2023, Ms. Gilman was advised by a coworker, Michelle Strelow, that "Regent" was back, standing at the ticket counter helping Breeze or Avelo.

40. Plaintiff is currently undergoing psychological treatment and therapy for the events that occurred to her.

41. Moreover, when it comes to the security footage of the incident the video was intentionally erased by Defendant afterward and never shown to Ms. Gilman, her attorney, or the investigating detective, Kenny Smith.

42. Mr. Smith informed Ms. Gilman that "Regent" has been charged with assault.

43. On January 27, 2023, after reporting the incident, Ms. Gilman was emotionally upset and scared of "Regent," who could retaliate against her as he was not terminated at the time.

44. Ms. Gilman never stated that she was comfortable working, on the contrary, she was very uncomfortable.

45. She even requested to be escorted to her vehicle in the evenings.

46. On January 28, 2023, Ms. Gilman paid for parking in the parking garage next to PBSO vehicles because she was afraid for her safety.

47. For the remaining mandated shifts, her husband took her and picked her up from work.

48. On January 28, 2023, Ms. Gilman saw the assignment schedule and noticed that she was assigned to the ticket counter by her supervisor, Mr. Vosler.

49. Immediately, Ms. Gilman advised Mr. Vosler that she had agreed with Franklin (LNU) to only work the gates due to safety concerns.

50. Mr. Vosler ordered her to work at the ticket counter.

51. Ms. Gilman followed his order, but then she had extreme anxiety and was unable to complete her assignment.

52. Ms. Gilman went to the breakroom to explain to Mr. Vosler that she could not perform this task, and she had an emotional outburst in front of coworkers.

## COUNT I
*Sexual Harassment in Violation of Title VII*
*Hostile Work Environment*

53. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-52 of this complaint as if set out in full herein.

54. Plaintiff is a member of a protected class under Title VII.

55. As part of its protections, Title VII prohibits sexual harassment.

56. The conduct to which Plaintiff was subjected was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of Title VII.

57. The harassing conduct to which Plaintiff was subjected was perpetrated against him as a result of her gender (female) and constituted actionable sexual harassment.

58. Defendant's alleged bases for the adverse conduct against Plaintiff are pretextual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of their conduct.

59. As a result of the sexually harassing conduct to which Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant have violated Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on each of her above claims.

Dated:    12/21/23                                      Respectfully submitted.

                                                GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (786) 527-3242


By: s/ Elvis J. Adan
Elvis J. Adan, Esq.
Fla. Bar No.: 24223